# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3256 | **DATE** | 5/29/13 |
| **CASE TITLE** | Derrick Harrison (B74877) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $8.18 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to all serve all defendants. Plaintiff's motion for attorney representation (Dkt. No. 4), is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Derrick Harrison, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for attorney representation. (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.18. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Turning to the complaint, plaintiff alleges that a Stateville correctional officer instructed him to climb an eight foot tall bullpen cage so that plaintiff could close several windows. Plaintiff did not want to perform the task because he believed it was dangerous. He

| STATEMENT |
|---|

did so out of fear that he would lose his prison job if he refused.  Plaintiff fell during the effort and struck a cart injuring his neck and back.

Defendants Correctional Officer Mays and Nurse Encarnarcion witnessed plaintiff fall and injure himself.  He asked them for medical help, but they refused.  Plaintiff later sought medical help from Wexford Health Sources, Inc.'s run medical center at Stateville, but there was a significant delay in receiving help.

Plaintiff was eventually seen by defendant Dr. Obaisi.  Dr. Obaisi did provide pain medication but failed to take additional follow up efforts such as ordering an MRI.  Plaintiff alleges that Wexford has a cost savings policy that prevents Dr. Obaisi from obtaining MRIs and other needed services.  Plaintiff believes he has a more serious injury requiring the MRI.

Plaintiff filed a grievance about the fall and lack of medical care.  In response, defendant Mays allegedly retaliated against him by not honoring his pass to sleep on a lower bunk, and refusing plaintiff access to the showers when entitled.  Plaintiff sues Wexford, Encarnarcion, Mays and Obaisi seeking monetary relief.

Plaintiff may proceed with a deliberate indifference claim for a lack of proper medical care against all defendants.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  The Court notes that plaintiff properly states a claim against Wexford because he claims that he has experienced an unconstitutional condition as the direct result of Wexford's policy.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013).  Plaintiff may also proceed with a First Amendment retaliation claim against defendant Mays for actions taken in retaliation for plaintiff filing grievances.  *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446-47 (7th Cir. 2009).

The Clerk shall issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.  The United States Marshals Service is appointed to all serve all defendants.  Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process.  The U.S. Marshal is directed to make all reasonable efforts to serve all defendants. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Stateville Correctional Center, Illinois Department of Corrections, and Wexford Health Sources, Inc., shall furnish the Marshal with defendant's last-known address for their respective employees.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the Court file, nor disclosed by the Marshal.  Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1).  The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must provide the Court with the

**STATEMENT**

original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for attorney representation (Dkt. No. 4), is denied. This is a routine case alleging deliberate indifference to an objectively serious medical condition, a type of case that is often litigated by a pro se prisoner plaintiff. Plaintiff has successfully stated a claim allowing his case to proceed past the pleading stage and has participated in motion practice. Counsel is not required when the complexity of the case is measured against plaintiff's abilities to litigate his own case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)).